## BLAGG v. HARRIGAN.

### No. 9469.

Court of Civil Appeals of Texas. San Antonio.

March 7, 1934.

Rehearing Denied April 4, 1934.

Leo Brewer and Olind H. Pitman, both of San Antonio, for appellant.

D. A. McAskill, of San Antonio, for appellee.

MURRAY, Justice.

Appellant, Wm. R. Blagg, brings this appeal from an order refusing to dissolve a temporary injunction issued by the judge of the Fifty-Seventh district court of Bexar county.

The temporary injunction was granted under the provisions of House Bill 231, Acts of the 43d Legislature, Regular Session (chapter 102 [Vernon's Ann. Civ. St. art. 2218b]), and known as the moratorium statute. It was granted upon the petition of Mrs. M. A. Harrigan, and restrained Ted Brewer as trustee and W. R. Blagg as beneficiary in a deed of trust from selling appellee's property under the power of sale provided for in the deed of trust. The temporary injunction stated that the appellant was restrained until further orders of the court, but, as we construe the provisions of House Bill 231, the injunction could not remain in force for a longer period than 200 days.

After the injunction had been in force more than 200 days appellant moved to dissolve it, which motion was overruled by the trial judge. The injunction having been in force for more than 200 days, and no motion having been made by appellee within that time to have this injunction extended, it became functus officio by operation of law, and should have been dissolved by the trial judge.

There is another reason why this temporary injunction must be dissolved. The recent Second Called Session of the 43d Legis-

lature has passed another moratorium law (Vernon's Ann. Civ. St. art. 3804 note), which is Senate Bill No. 3. This bill provides for a new and different method of securing temporary injunctions against the sale of real estate under the power of sale contained in deeds of trust, and section 12 of this new act (Vernon's Ann. Civ. St. art. 3804 note) suspends all laws and parts of laws in conflict with its provisions during its effectiveness. This new moratorium law by its terms is effective from March 1, 1934, to February 1, 1935. This new moratorium law in effect repeals the old moratorium law (H. B. 231) which, by its own terms, would have expired on May 1, 1934.

The temporary injunction will be here now dissolved and this cause dismissed.